1   **KRONENBERGER BURGOYNE, LLP**
    Karl S. Kronenberger (Bar No. 226112)
2   Jeffrey M. Rosenfeld (Bar No. 222187)
    150 Post Street, Suite 520
3   San Francisco, CA 94108
    Telephone: (415) 955-1155
4   Facsimile:   (415) 955-1158
    karl@KBInternetLaw.com
5   jeff@KBInternetLaw.com

6   Attorneys for Plaintiffs Suren Ter-Saakov
    and Tsuren LLC
7



FILED
JUL 2 2 2009
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUREN TER-SAAKOV, an individual and TSUREN LLC, a New Jersey limited liability company,<br><br>      Plaintiffs,<br>      v.<br><br>PRICEWERT LLC *dba* 3FN.NET TRIPLE FIBER NETWORK, APS TELECOM, APX TELECOM, APS COMMUNICATIONS, AND APS COMMUNICATION,<br><br>      Defendant. | [RELATED TO CASE NO. 09-cv-2407-RMW: *Federal Trade Commission v. Pricewert*]<br><br>CASE NO. CV 09 3352<br><br>**COMPLAINT**<br><br>**DEMAND FOR A JURY TRIAL**<br><br> |

Case No.                                                                                                           COMPLAINT

## INTRODUCTION

1. Plaintiffs Suren Ter-Saakov and Tsuren LLC (collectively, "Plaintiffs") own and operate several online businesses.

2. Plaintiffs engaged Defendant Pricewert LLC ("Pricewert") as an ISP to co-locate Plaintiffs' servers and to provide Internet connectivity to these servers.

3. In deciding to use Defendant as an ISP, Plaintiffs relied on Pricewert's representations that it was a bona fide, legitimate ISP.

4. In fact, Pricewert's ISP business was a cover for its illegal operations. Unbeknownst to Plaintiffs, Pricewert was using its ISP resources to store and traffic in illegal content, including child pornography, Internet scams, viruses, Trojan horses, and phishing websites.

5. As a result of Pricewert's misrepresentations and misconduct, law enforcement seized all of the servers in Pricewert's possession—including the lawful servers of Pricewert's customers (such as Plaintiffs).

6. Since the seizure, Plaintiffs have been deprived of the data needed to operate their business and fulfill their contracts with their clients, customers, and business partners.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §1332 because diversity of citizenship exists. Plaintiffs are citizens of New Jersey and Defendant is a citizen of the sovereign nation of Belize. Moreover, the amount in controversy exceeds the sum or value of $75,000 exclusive of interest.

8. This Court has personal jurisdiction over Defendant because Defendant has engaged in sufficient minimum contacts in this District such that the Court's exercise of jurisdiction is reasonable, fair, and expected.

9. Venue is proper under 28 U.S.C. §1391(a) because a substantial part of the events giving rise to the claim occurred in this District and a substantial part of the property at issue is situated in this District.

Case No.

1

COMPLAINT

## RELATED CASES & INTRADISTRICT ASSIGNMENT

10. This action is related to Case No. 09-cv-2407-RMW: *Federal Trade Commission v. Pricewert*, which is pending before this Court (the "FTC Action").

11. The events giving rise to this lawsuit have occurred and are occurring in Santa Clara County, where Pricewert co-located Plaintiffs' computer servers. Accordingly, this matter is appropriate for referral to the San Jose Division.

## PARTIES

12. Plaintiff Suren Ter-Saakov is an individual residing in New Jersey.

13. Plaintiff Tsuren LLC is a limited liability company organized under the laws of New Jersey with its principal place of business in New Jersey.

14. Defendant Pricewert LLC *dba* 3FN.net, Triple Fiber Network, APS Telecom, APX Telecom, APS Communciations, and APS Communication ("Pricewert") is an Oregon limited liability company, with a principal place of business in Belize. Pricewert has maintained computer equipment and conduct business within this District.

## PRICEWERT'S MISCONDUCT

15. Plaintiffs operate a lawful online business, focusing on three areas of business.

16. First, Plaintiffs offer a business-to-business software service, called ShopXML, which allows wholesalers, vendors, and retailers to coordinate product ordering information and product descriptions for stock goods such as laptop batteries and power adapters.

17. Second, Plaintiffs manufacture laptop power supplies, which they sell on their proprietary website <denaq.com>.

18. Finally, Plaintiffs provide consulting services related to online marketing for numerous large and small companies.

19. All of Plaintiffs' business lines require a constant and reliable online presence and significant electronic storage capability.

Case No.

2

COMPLAINT

20. Accordingly, several years ago, Plaintiffs sought an Internet service provider to install and manage servers for Plaintiffs, whereby Plaintiffs could store the electronic data for their business lines and provide Internet connectivity to their clients.

21. In searching for an ISP, Plaintiffs came across Pricewert. Plaintiffs found Pricewert to be an appealing ISP because its representatives were responsive and because it hosted its servers in a secure California facility.

22. Pricewert represented to Plaintiffs that it was a legitimate ISP providing robust Internet connectivity and server hosting services.

23. Pricewert represented to Plaintiffs that any servers that Plaintiffs co-located with Pricewert would remain secure.

24. Plaintiffs relied on Pricewert's representations in deciding to engage Pricewert as its ISP.

25. In conducting their business, Plaintiffs procured several servers, which they had Pricewert co-locate at its server facility in California. Pricwert managed these servers on behalf of Plaintiffs, and ensured that they remained connected to the Internet.

26. Over the course of several years, Plaintiffs never noticed anything unlawful, unethical, or otherwise improper about Pricewert or its services.

27. Over the years, Plaintiffs uploaded the entirety of their business to its servers managed by Pricewert.

28. Unbeknownst to Plaintiffs, Pricewert operated as a rogue ISP, which distributed illegal and malicious content.

29. Specifically, on information and belief, Pricewert was using its California servers to store and transfer child pornography, botnets, spyware, viruses, Trojans, phishing-related websites, illegal online pharmacies, Internet scams.

30. On information and belief, Pricewert engaged in this conduct intentionally, to generate income from its unlawful activities.

31. On information and belief, unbeknownst to Plaintiffs, Pricewert used Plaintiffs' servers and equipment—along with other Pricewert customers' servers and

equipment—to engage in their misconduct.

32. On information and belief, Pricewert engaged in unauthorized access of Plaintiffs servers and equipment—along with other Pricewert customers' servers and equipment—to engage in their misconduct.

33. As a result of Pricewert's misconduct, the FTC recently filed the related FTC Action against Pricewert.

34. As part of the FTC Action, the FTC obtained an injunction seizing all of Pricewert's servers, equipment, and data including the lawful equipment and data of Pricewert's customers that Pricewert maintained.

35. As a result of the FTC seizure, Plaintiffs have been without their computer equipment and all of the data behind their businesses for over a month.

36. As a result of Pricewert's misconduct, Plaintiffs have been completely deprived of their property and their ability to conduct business and earn a livelihood.

## FIRST CAUSE OF ACTION

## FRAUD

37. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in Paragraphs 1 through 36 inclusive.

38. Pricewert made numerous affirmative representations to Plaintiffs about the bona fides and legitimacy of the Pricewert business.

39. Pricewert knew these representations were false at the time it made them because Pricewert was secretly using its ISP facilities to store and traffic in illegal content. Pricewert made the misrepresentations intentionally to create the false impression that it was running a lawful business and to recruit more lawful business clients—such as Plaintiffs.

40. Plaintiffs relied on Pricewert's representations in deciding to engage Pricewert as an ISP. There were no shortage of ISPs for Plaintiffs to choose from, and had there been any question about the legitimacy of Pricewert's operations, Plaintiffs would have looked elsewhere for an ISP.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

41. As a direct result of Pricewert's misrepresentations, Plaintiffs have been substantially harmed.

## SECOND CAUSE OF ACTION

## CONVERSION

42. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in Paragraphs 1 through 36 inclusive.

43. Plaintiffs own several servers, which they entrusted to Pricewert to co-locate at Pricewert's California facility.

44. As a result of Pricewert's misconduct, Pricewert has substantially interfered with Plaintiffs' ownership and possession of its servers and the data thereon.

45. As a direct result of Pricewert's misconduct, Plaintiffs have been substantially harmed.

## THIRD CAUSE OF ACTION

## INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS

46. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in Paragraphs 1 through 36 inclusive.

47. Plaintiffs have contractual relationships with several business partners, whereby Plaintiffs provide various online consulting and business-to-business software services.

48. Plaintiffs conducted these businesses exclusively through their servers, which they entrusted to Pricewert to co-locate and maintain.

49. Pricewert was aware that Plaintiffs used their servers for their business and that Plaintiffs relied on these servers to fulfill their contractual relationships.

50. Notwithstanding the foregoing, Pricewert engaged in substantial misconduct, knowing that it would put Plaintiffs' servers at significant risk—including being seized by law enforcement.

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

Case No.

5

COMPLAINT

51.     As a result of Pricewert's misconduct, Plaintiffs' servers were in fact seized by law enforcement, and Plaintiffs have been wholly deprived of access to them and to the data necessary to fulfill Plaintiffs' contractual relationships.

52.     As a direct result of Pricewert's misconduct, Plaintiffs have been unable to fulfill their contractual relationships and/or third parties have ceased contracting with Plaintiffs or breached existing contracts with Plaintiffs.

53.     As a direct result of Pricewert's intentional interference, Plaintiffs have been substantially harmed.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that the Court enter a judgment against Defendant that it has:

    a. Committed fraud.
    b. Committed conversion.
    c. Interfered in Plaintiffs' contractual relationships.

2. That the Court order Defendant to pay Plaintiffs' damages as follows:
    a. Plaintiffs' actual, compensatory damages in the amount of $321,000 plus additional damages for loss of reputation and good will to be proved at trial;
    b. Punitive damages for Defendants' willful and malicious misconduct;
    c. Costs and reasonable attorneys' fees incurred by Plaintiffs;
    d. Such other damages as the Court shall deem appropriate;
    e. Interest, including prejudgment interest, on the foregoing sums;

3. That the Court grant to Plaintiffs such additional relief as is just and proper.

DATED: July 22, 2009

KRONENBERGER BURGOYNE, LLP

By: _____
Karl S. Kronenberger

Attorneys for Plaintiffs, Suren Ter-Saakov and Tsuren LLC

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetLaw.com

**REQUEST FOR JURY TRIAL**

Plaintiffs hereby demand a trial of this action by jury.

DATED: July 22, 2009                              **KRONENBERGER BURGOYNE, LLP**

By: _____

Karl S. Kronenberger

Attorneys Plaintiffs,
Suren Ter-Saakov and Tsuren LLC